IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN MICHAEL CREDICO, : | |
| Petitioner, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-cv-2819 |
| THE ATTORNEY GENERAL OF : | |
| PENNSYLVANIA, et al., : | |
| Respondents : | |

**MEMORANDUM**

YOHN, J.                                                                                                       February 25, 2014

Petitioner, Justin Michael Credico has filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Upon consideration of the petition, the Commonwealth's response, the Magistrate Judge's report recommending dismissal of the petition, and petitioner's objections thereto, the court will overrule petitioner's objections, adopt the report and approve the recommendation.

**I. FACTS AND PROCEDURAL HISTORY**

On November 30, 2011, Credico was convicted of two counts of harassment following a bench trial in the Court of Common Pleas of Chester County. (Resp. App. A.) Credico was found not guilty of a third harassment charge. The charges stemmed from emails Credico sent to the President and Chief of Police at West Chester University, where he was formerly a student. On December 5, 2011, prior to his sentencing, Credico filed *pro se* motions for an arrest of judgment, ineffective assistance, mistrial, and a writ of error coram nobis. (Resp. App. A.) On December 19, 2011, at his sentencing hearing, Credico requested and was granted leave to proceed *pro se*. The court at that time "denied and dismissed" each of Credico's *pro se* motions.

(Resp. App. A.)  Finally, the court sentenced Credico to two consecutive terms of 146 days to 12 months, and 146 days to 11 months and 28 days.  (Resp. App. I.)  At that time, the court instructed Credico regarding his appellate rights and provided Credico with a written post-sentence colloquy form outlining those rights.

On December 27, 2011, Credico filed seven *pro se* motions for (1) an arrest of judgment, (2) judgment for a new trial, (3) acquittal, (4) modification of sentence, (5) petition for transcripts, (6) in forma pauperis, (7) informal request for discovery.  (Resp. App. A.)  On January 3, 2012, while his post-sentence motions were still pending with the trial court, Credico filed a notice of appeal to the Pennsylvania Superior Court.  (Resp. App. A, B.)  On February 10, 2012, the trial court filed a statement notifying the Superior Court that post-sentence motions were still pending and that Credico's appeal was premature.  On February 21, 2012 the Superior Court filed an order directing Credico to comply with Rule 3517 of the Pennsylvania Rules of Appellate Procedure ("Pa. R.A.P."), requiring the filing of a docketing statement.  (Resp. App. B, D.)  And on February 23, 2012, the Superior Court filed an order directing Credico to show cause why his appeal should not be quashed as interlocutory.  (Resp. App. B, E.)  Credico did not respond to either of the Superior Court's orders and his appeal was dismissed on March 5, 2012 for failing to file a docketing statement as required by Pa. R.A.P. 3517.  (Resp. App. B, F.)  Credico did not seek to appeal the Superior Court's order.  On April 23, 2012, the trial court either denied or dismissed Credico's post-sentence motions, notified Credico of his right to file a direct appeal within thirty days if its order, and again notified Credico of his right to assistance of counsel.  (Resp. App. A.)  Credico did not appeal this judgment of sentence, nor did he file for relief under Pennsylvania's Post Conviction Relief Act ("PCRA").

On May 20, 2013, Credico filed the instant petition for writ of habeas corpus.[1]  Credico raised four claims which I quote here in their entirety, altering only the profanity:

> Ground One: Free Speech – 1st Amendment.
>> It's free speech to cuss out government whether in email or on the street, the law defines communication as communication no matter the forum.
>
> Ground Two: Harassment – 2709(A)(7) is vague.
>> The statute states "in a manner other than" the communication defined in 2709(A)(1) et seq.  What the f**** does that leave?  Broadcast or telepathy, the statute is vague.
>
> Ground Three: Matters of public concern is not anything but free speech.
>> If you turn your attention to the massive internet support to people like the California Rogue Cop who killed other cops; people actually posted internet support to the assassin.  I don't support s*** like that, but if I bring it up or mention it, that doesn't make me a sympathizer.
>
> Ground Four: FERPA allows me to retrieve my college transcripts in their entirety.
>> FERPA allows me to obtain any courses I've taken and the West Chester University State School of Higher Education police have no need to interfere w/that nor handle $ nor handle my f***ing transcripts and further force me out of college over me giving them the finger.

Petitioner filed an amended habeas corpus petition on June 3, 2013 and June 24, 2013 in which he raised two new claims, and reasserted the objections he raised in his first petition.  I quote the two new claims here in their entirety, altering only the profanity:

> Ground One: Right to file an appeal as a pauper.
>> Upon receipt of petitioner's appeal, the Superior Court of PA responded w/a case law (state case law) that said the appeal was dismissed since the petitioner had no

---

[1] This was Credico's third habeas corpus petition.  He had previously filed a petition in October 2011, before he was convicted of the harassment charges.  *Credico v. McFadden*, No. 11-cv-6439.  The court dismissed that petition without prejudice as Credico had failed to state a claim for which habeas corpus relief could be granted.  Credico then filed a second petition on June 8, 2012, which the court dismissed without prejudice because Credico had failed to exhaust his state court remedies.  *Credico v. Adult Probation/Parole (Chester County), et al.*, No. 12-3269.  Despite these prior petitions, Credico's current habeas corpus petition is not considered a second or successive petition.  *See Villanueva v. United States*, 346 F.3d 55, 60 (3d Cir. 2003) (explaining that a petition is considered a prior application for purposes of 28 U.S.C. § 2244(b) only if it is adjudicated on the merits); *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) (explaining that § 2244 does not apply if the initial petition was dismissed for failure to exhaust).

> mailing address. Petitioner was a homeless pauper at the time and has been up until now, solely relying upon the Mailbox Act to file Habeas and petitions.
>
> Ground Two: Serious life threatening illness of Rhabdoviridae Lyssavirus infection. Although contained w/in another civil claim, the facts in short; petitioner was discharged on or about Dec. 20th 2011 8:30 pm with no housing to go to. He tried shelters but it was past their time to let people in, so, he ended up in a sheltered graveyard mausoleum that had a broken gate door. While trying to stay alive, somehow a chiroptera [a bat] got through the gate bars and petitioner woke up (from what little sleep he could get while freezing to death) to fluttering wings and chattering teeth. Once he saw the bat, he knew he was f***ed.
>
> In fact, the exact words that petitioner said aloud after realizing their [sic] was a bat in there were, "You gotta be f****ing kidding me!"
>
> But I was so damn cold and so damn wet, that it was either, freeze to death outside or stay in the tomb w/the bat, which eventually left."

From these two petitions, I glean that Credico is challenging his conviction on two federal constitutional grounds: (1) that his activity for which he was convicted was constitutionally protected under the First Amendment; and (2) that Pennsylvania's harassment statute is unconstitutionally vague.

On September 9, 2013, the respondents filed an answer to Credico's petitions for habeas corpus, arguing that the petition should be denied because Credico failed to exhaust state remedies and was now procedurally defaulted. Credico filed a reply brief on September 13, 2013 in which he appeared to argue that his homelessness and an illness excused his procedural default. I assigned the matter to a Magistrate Judge for a Report and Recommendation. On September 19, 2013, the Magistrate Judge recommended that all of Credico's claims be dismissed because he failed to exhaust state court remedies and his claims are now procedurally defaulted. On September 30, 2013, Credico filed objections to the Report and Recommendation.

## II. DISCUSSION

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs the court's review of the instant petition.  Under AEDPA, when a petitioner is in custody pursuant to a judgment by a state court, a district court may entertain an application for writ of habeas corpus only if the custody violates "the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Where a habeas petition has been referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), the district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C § 636(b)(1).  After conducting such a review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*

### B. Petitioner Failed to Exhaust State Court Remedies

A federal court cannot grant a state prisoner's habeas corpus petition unless available state court remedies on the federal constitutional claims have been exhausted.  § 2254(b)(1). "Absent exceptional circumstances, the petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief in federal court."  *Wheeler v. Pa. Bd. of Probation and Parole*, No. 06-0559, 2007 U.S. Dist. LEXIS 33400, at *4 (E.D. Pa. May 4, 2001) (internal citations omitted).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This exhaustion rule requires a petitioner to "fairly present" his federal claims at each level of the state court system.  *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) ("In order for a claim

to be exhausted, it must be fairly presented to the state courts by invoking one complete round of the State's established appellate review process.") (internal quotations and citations omitted); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999).

Under this rule, a federal court must dismiss without prejudice habeas corpus petitions that contain any unexhausted claims. *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004). This dismissal requirement does not apply, however, in cases where the state courts would not consider the unexhausted claims because they are procedurally barred by state law. *Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir. 1996). However, in that situation, the petitioner must still overcome the concomitant doctrine of procedural default. *Id.* at 683.

Credico's only appellate filing in the state court was a direct appeal to the Superior Court that was summarily dismissed for failing to file a docketing statement. Thereafter, Credico never moved to reinstate his appeal, nor did he file a PCRA petition. Credico, therefore, never successfully presented his federal claims to the Pennsylvania Superior Court, and the court had no opportunity to either examine or act on those claims.

Exhaustion is now futile as Credico's appellate rights have expired. Credico's judgment became final on May 23, 2012, thirty days after the trial court dismissed his post-sentence motions. Under the PCRA, Credico has a year to seek collateral review of his sentence. The availability of PCRA review expired on May 23, 2013, and any petition now filed would be untimely and, thus, futile. The court must now determine whether Credico's claims are procedurally defaulted.

### C. Petitioner's Claims Are Procedurally Defaulted

Under the doctrine of procedural default, when a state court rejects a petitioner's claims based on a state procedural ruling that is "independent of the federal question and adequate to

support the judgment," federal habeas courts are precluded from reviewing the claims. *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state procedural rule is independent if it does not rest primarily on and does not appear to be interwoven with federal law. *Coleman*, 501 U.S. at 734-35 (citing *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). A state procedural rule is adequate to support the judgment when it speaks in clear and unmistakable terms and when courts apply its requirements with consistency and regularity. *Campbell v. Burris*, 515 F.3d 172, 176 (3d Cir. 2008). The adequacy and independence of the state procedural ground must be clear from the face of the state court opinion. *Harris v. Reed*, 489 U.S. 255, 263-264 (1989).

Procedural default may be excused in one of only two ways: (1) where petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) where petitioner can demonstrate that failure to consider the federal claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To show cause, a petitioner must demonstrate that "some objective factor external to the defense impeded [petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Cause has been established where "the factual or legal basis for a claim was not reasonably available to [petitioner]," "interference by officials made compliance impracticable," or "some external impediment prevented [petitioner] from constructing or raising the claim." *Murray*, 477 U.S. at 488-92. To show actual prejudice, a petitioner must demonstrate that the alleged errors "so infected the entire trial that the resulting conviction violates due process." *United States v. Frady*, 456 U.S. 152, 168-69.

Procedural default can be excused as a result of a fundamental miscarriage of justice "only in extraordinary cases, i.e., 'where a constitutional violation has probably resulted in the

conviction of one who is actually innocent." *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000) (quoting *Murray*, 477 U.S. at 496). As the Supreme Court has instructed, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To establish actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 321-22 (1995).

Here, Credico's appeal was dismissed by the Pennsylvania Superior Court for failing to comply with Pa. R.A.P. 3517. The Superior Court never reached the merits of Credico's claims. Further, Credico is time-barred from raising any further constitutional claims in the Pennsylvania courts. Thus, absent a showing of cause and prejudice, or a fundamental miscarriage of justice, Credico's claims are procedurally defaulted.

In his objections to the Report and Recommendation, Credico argues that homelessness and an illness he suffered from contracting rabies while homeless establish cause for his default. Neither Credico's homelessness nor his illness sufficiently demonstrates that an external impediment prevented Credico from constructing or raising his claims. The fact that Credico was ill and homeless at the time he raised his appeal, and therefore did not to comply with the state's appellate rules does not establish the sort of egregious interference by state officials necessary to establish cause.

Further, the trial court, prior to granting the motion to proceed *pro se*, warned Credico that as a *pro se* defendant he would still need to comply with procedural rules, and would risk waiving any claims that did not comply:

> The advantage of being represented by counsel is counsel's familiarity with calling witnesses and presenting evidence on the defendant's behalf, filing, presenting and

8

> arguing motions for new trial and/or in arrest of judgment, arguing circumstances, facts and law and presentation of witnesses in mitigation of sentence. Defenses are waived or lost permanently if not raised at trial and, therefore, there are a variety of other rights lost permanently if not brought up at the appropriate time. For example, in request for mistrial, which was untimely, if and when errors occur during a trial and right to appeal based on the errors is permanently lost unless the defendant objects to the errors at the appropriate time.
>
> You will be precluded from asserting ineffective assistance of counsel concerning all proceedings in which you represent yourself.

(Resp. App. I at 9-10.) After his sentencing, the trial court: (1) notified Credico of his rights to file post-sentence motions and to appeal; (2) provided Credico with a written post-sentence colloquy outlining those rights; and (3) again notified Credico of his right to counsel for filing both post-sentence motions and an appeal. (Resp. App. I at 32-34, 39.) Credico refused counsel. And after dismissing Credico's post-sentence motions, the court again notified Credico of his need to file an appeal within thirty days of the order and of his right to counsel. (Resp. App. A.) Thus, while it is conceded that it may be hard for a homeless and sick *pro se* petitioner to comply with appellate procedural rules, rather than interfering, the state court gave Credico every consideration and instruction that it could to ensure Credico would comply with the required procedural rules. Having refused the proffered counsel, and having failed to comply with the rules, Credico cannot now plead cause because he was sick and homeless at the time he was required to comply with Pennsylvania's appellate rules.

Finally, Credico raises no new relevant evidence that would excuse procedural default due to a fundamental miscarriage of justice. Credico's objections allude to a withdrawal form that he signed at the West Chester University registrar's office. The form, Credico argues "further show[s] interference to obtain transcripts of college records, that violate; privacy,

education, per the 9th and 10th Amendments." Credico does not show, nor can I discern how this new evidence might demonstrate actual innocence.

Accordingly, Credico's claims are procedurally defaulted.

### III. CONCLUSION

After conducting a *de novo* review of the Magistrate Judge's Report and Recommendation, and upon consideration of Credico's objections, the court will overrule his objections, adopt the report and approve the recommendation. Credico's claims are procedurally defaulted.

Additionally, the court will not issue a certificate of appealability. A habeas petitioner may not appeal the dismissal of his petition unless he receives a certificate of appealability. 28 U.S.C. § 2253(c). A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* Because Credico has failed to make a substantial showing of the denial of a constitutional right, and all of his claims are procedurally defaulted, as noted previously, I will not issue a certificate of appealability with respect to any of his claims.

An appropriate order will follow.